No. 24-cv-9278-JSR

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

In re CELSIUS NETWORK LLC *et al*., Debtors.

---

AD HOC COMMITTEE OF CORPORATE CREDITORS, Appellant,

v.

WILLIAM K. HARRINGTON, as UNITED STATES TRUSTEE, and SEAN XUE, Appellees.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**BRIEF OF APPELLEE, WILLIAM K. HARRINGTON, AS UNITED STATES TRUSTEE**

---

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel

WILLIAM K. HARRINGTON
United States Trustee for Region 2
LINDA A. RIFFKIN
Assistant United States Trustee
SHARA CORNELL
MARK BRUH
ANDREW D. VELEZ-RIVERA
Trial Attorneys

U.S. Department of Justice
Executive Office for
 United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel: (202) 307-1399
Fax: (202) 307-2397

U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004
Tel: (212) 510-0500
Fax: (212) 668-2255

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... iii

INTRODUCTION. ........................................................................................................... 1

STATEMENT OF APPELLATE JURISDICTION ....................................................... 3

STATEMENT OF THE ISSUES.................................................................................... 3

STANDARD OF REVIEW ............................................................................................ 4

STATEMENT OF THE CASE........................................................................................ 5

    I.   Statutory Framework ...................................................................................... 5

        A. Official and Ad Hoc Committees in Chapter 11 ....................................... 5

        B. Settlements Under Bankruptcy Rule 9019 ................................................ 7

    II.  Statement of the Facts ................................................................................... 9

        A. General Background. ..................................................................................... 9

        B. The Settlement Motion Proposes to Pay the Ad Hoc Committee and the Sarachek Firm .................................................................................................... 9

        C. The Bankruptcy Court Denies the Payment Provision, but Permits the Sarachek Firm to File a Fee Application with Time Records................................... 11

        D. The Bankruptcy Court Enters the Settlement Order. ........................... 12

        E. The Sarachek Firm Files a Contingency-Based Fee Application........................... 12

        F. The Bankruptcy Court Grants Hourly Fees to the Sarachek Firm........................ 13

        G. The Ad Hoc Committee Appeals to this Court. ...................................... 13

SUMMARY OF ARGUMENT ..................................................................................... 14

ARGUMENT ................................................................................................................. 16

    I.   This Appeal Should be Dismissed Because the Notice of Appeal Was Not Filed Within the Time Established by 28 U.S.C. § 158(c)(2) and Fed. R. Bankr. P. 8002............................................................................................................... 16

        A. Bankruptcy Orders and Finality ................................................................ 17

        B. The Settlement Order is a Final Order ................................................... 19

        C. The Ad Hoc Committee's November 26 Notice of Appeal was Untimely to Perfect an Appeal from the October 11 Settlement Order........................... 22

            1. The Ad Hoc Committee Filed its Notice of Appeal After the Statutory Deadline ............................................................................................................ 22

            2.  Under Binding Second Circuit Precedent, This Court Does Not Have Jurisdiction to Hear the Ad Hoc Committee's Untimely Appeal. .............................. 25

            3. Even if the Appeal Deadline Were Not Jurisdictional, It Is Mandatory and Still Requires Dismissal ................................................................................ 26

i

II.  Alternatively, the Bankruptcy Court Did Not Abuse its Discretion by Denying the Payment Provision. ................................................................................. 28

A. The Bankruptcy Court's Denial of the Payment Provision Was Not An Abuse of Discretion Bankruptcy ........................................................................... 28

B. The Committee Cannot Establish Reversible Error ................................. 31

CONCLUSION. ........................................................................................................ 36

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. Zarnel (In re Zarnel)*,
   691 F.3d 156, 162 (2d Cir. 2010).................................................................. 2

*In re Ashford Hotels, Ltd.*,
   235 B.R. 734 (S.D.N.Y. 1999)................................................................ 28, 32

*In re Associated Gas & Elec. Co.*,
   149 F.2d 996 (2d Cir. 1945)....................................................................... 32

*In re B.A.R. Entertainment Mgmt., Inc.*,
   414 F. Appx. 310 (2d Cir. 2010)................................................................ 25

*In re Best Product Co., Inc.*,
   68 F.3d 26 (2d Cir.1995)......................................................................... 8, 32

*Bullard v. Blue Hills Bank*,
   575 U.S. 496 (2015) ........................................................................... *passim*

*In re Celsius Network LLC*,
   No. 23 Civ. 10368 (LGS), 2024 WL 3376496, *1 (S.D.N.Y. July 11, 2024)............................ 9

*In re Celsius Network LLC*,
   No. 22-10964 (MG), 2024 WL 4394507 (Bankr. S.D.N.Y. Oct. 3, 2024). .............................. 11

*In re Chemtura Corp.*,
   439 B.R. 561 (Bankr. S.D.N.Y. 2010) ......................................................... 7

*Depoister v. Mary M. Holloway Foun'n*,
   36 F.3d 582 (7th Cir. 1994) ....................................................................... 8

*In re Final Analysis, Inc.*,
   417 B.R. 332 (Bankr. D. Md. 2009)......................................................... 34

*France v. Visions Fed. Credit Union*,
   No. 21-cv-1781-BHH-MHC, 2022 WL 3046899, * 2 (D.S.C. June 24, 2022) ...................... 21

*In re General Homes Corp., FGMC, Inc.*,
   143 B.R. 99 (Bankr. S.D. Tex. 1992) ..................................................... 5, 6

*Giaimo v. DeTrano (In re DeTrano),*
   326 F.3d 319 (2d Cir. 2003) ................................................................................. 4

*In re GOL Lineas Aéreas Inteligentes, SA,*
   659 B.R. 641 (Bankr. S.D.N.Y. 2024) ................................................................ 34

*In re Hawks Prairie Investment, LLC,*
   No. 10-46634, 2010 WL 5257227 (Bankr. W.D. Wash. Dec. 17, 2010) ................... 34

*Ice House America, LLC v. Cardin,*
   751 F.3d 734 (6th Cir. 2014) ................................................................................ 5

*In re Indu Craft, Inc.,*
   749 F.3d 107 (2d Cir. 2014) .............................................................................. 25

*In re Industrial Comm. Elec., Inc.,*
   No. 02-45451 (JBR), 2006 WL 395222, *1 (Bankr. D. Mass. Feb. 14, 2006) ......... 30

*In re Iridium Operating LLC,*
   478 F.3d 452 (2d Cir. 2007) ..................................................................... *passim*

*In re Jackson Masonry, LLC,*
   906 F.3d 494 (6th Cir. 2018) ............................................................................. 18

*Knipe v. Skinner,*
   999 F.2d 708 (2d Cir. 1993) ........................................................................ 16, 30

*Lane v. Haytian Corp. of America,*
   117 F.2d 216 (2d Cir. 1941) ..................................................................... 5, 6, 30

*In re Lehman Bros. Holdings, Inc.,*
   435 B.R. 122 (S.D.N.Y. 2010) ....................................................................... 7, 28

*In re Masterwear Corp.,*
   No. 98 Civ. 688, 1998 WL 879694, * 2 (S.D.N.Y. Dec. 16, 1998) ......................... 16

*In re Mesta Mach. Co.,*
   67 B.R. 151 (Bankr. W.D. Pa. 1986) .................................................................... 5

*Mohawk Indus., Inc. v. Carpenter,*
   558 U.S. 100 (2009) ........................................................................................ 17

*In re Nestor,*
  No. 24-CV-7109(JHR)(SLC), 2024 WL 4664849, *1 (S.D.N.Y. Oct. 10, 2024).................... 25

*New Era Professional Prep Servs., LLC. v. Unity Bank,*
  No. 23-CV-7595 (RPK), 2024 WL 5049819, * 1-2 (E.D.N.Y. Dec. 9, 2024)................... 26, 27

*Nutraceutical Corp. v. Lambert,*
  586 U.S. 188 (2019) ........................................................................... 26

*In re Palacios,*
  No. 14-70076, 2016 WL 361569, * 14 (Bankr. S.D. Tex. Jan. 27, 2016) ............................... 34

*In re Purofied Down Prods. Corp.,*
  150 B.R. 519 (S.D.N.Y. 1993)........................................................... 28, 32

*In re RFE Indus., Inc.,*
  283 F.3d 159 (3d Cir. 2002)................................................................... 32

*Ritzen Grp. v. Jackson Masonry, LLC,*
  140 S. Ct. 582 (2020) ................................................................... *passim*

*In re Rivermeadows Assocs., Ltd.,*
  185 F.3d 875, 1999 WL 448822 (10th Cir. 1999)................................................. 33

*Rowland v. California Men's Colony,*
  506 U.S. 194 (1993)............................................................................. 6

*In re Sabine Oil & Gas Corp.,*
  555 B.R. 180 (Bankr. S.D.N.Y. 2016) ................................................... 8, 28

*In re Siemon,*
  421 F.3d 167 (2d Cir. 2005)........................................................... 25, 26

*In re Soundview Elite Ltd.,*
  697 F. Appx. 663 (2d Cir. 2015)........................................................... 25

*In re Smartworld Techs., LLC,*
  No. 03 Civ. 9467 (DLC), 2004 WL 1118328, *2 (S.D.N.Y. May 19, 2004) ................ 8, 19, 32

*In re Sweetwater,*
  40 B.R. 733 (Bankr. D. Utah 1984) ............................................................ 5

*In re Teltronics Services, Inc.,*
   762 F.2d 185 (2d Cir.1985) ............................................................................ 4, 7, 8

*In re Tennial,*
   978 F.3d 1022 (6th Cir. 2020) .......................................................................... 26, 27

*Thyroff v. Nationwide Mut. Ins. Co.,*
   460 F.3d 400 (2d Cir. 2006) ............................................................................ 4

*In re TMT Trailer Ferry,*
   390 U.S. 414 (1968) ........................................................................................ 7, 28

*In re Trinsum Grp., Inc.,*
   No. 08-12547 (MG), 2013 WL 1821592, *3 (Bankr. S.D.N.Y. Apr. 30, 2013) ...................... 33

*In re VeroBlue Farms USA Inc.,*
   6 F.4th 880 (8th Cir. 2021) ............................................................................. 26

*In re Wright,*
   545 B.R. 541 (Bankr. S.D. Tex. 2016) ................................................................ 32

*In re W.T. Grant Co.,*
   699 F.2d 599 (2d Cir.1983) ............................................................................ 8

*Zervos v. Verizon N.Y., Inc.,*
   252 F.3d 163 (2d Cir. 2001) ........................................................................... 4

## Statutes

11 U.S.C. § 301(a) .................................................................................................................. 5
11 U.S.C. § 307 ....................................................................................................................... 2
11 U.S.C. § 330(a)(1) .............................................................................................................. 6
11 U.S.C. § 503(b)(3)(D) ......................................................................................................... 6
11 U.S.C. § 503(b)(4) .............................................................................................................. 6
11 U.S.C. § 506(b) ................................................................................................................. 33
11 U.S.C. § 541 ....................................................................................................................... 5
11 U.S.C. § 1102 ..................................................................................................................... 5
11 U.S.C. § 1103(a) ................................................................................................................. 6
11 U.S.C. § 1103(c) ................................................................................................................. 5
11 U.S.C. § 1115 ..................................................................................................................... 5
11 U.S.C. § 1122(a) ............................................................................................................... 31
11 U.S.C. § 1123(a)(4) ........................................................................................................... 31
11 U.S.C. § 1125 ................................................................................................................... 34
11 U.S.C. § 1129(b)(1) .......................................................................................................... 31
28 U.S.C. § 157(a) ................................................................................................................... 3
28 U.S.C. § 157(b) ................................................................................................................... 3
28 U.S.C. § 158 ..................................................................................................................... 17
28 U.S.C. § 158(a) ....................................................................................................... 3, 18, 22
28 U.S.C. § 158(a)(1) ............................................................................................................. 17
28 U.S.C. § 158(c)(2) ...................................................................................................... passim
28 U.S.C. §§ 581-589 .............................................................................................................. 2
28 U.S.C. § 586(a)(3)(G) ......................................................................................................... 2
28 U.S.C. § 1334(a) ................................................................................................................. 3

## Rules

Fed. R. Bankr. P. 7058 ...........................................................................................................24
Fed. R. Bankr. P. 8002 .................................................................................................. passim
Fed. R. Bankr. P. 8002(a)(1) ......................................................................................... passim
Fed. R. Bankr. P. 8002(b)(1) ..................................................................................................23
Fed. R. Bankr. P. 8002(d)(1)(A) .............................................................................................23

Fed. R. Bankr. P. 8002(d)(1)(B) ................................................................................23

Fed. R. Bankr. P. 8002(d)(3) ....................................................................................23

Fed. R. Bankr. P. 9014(c) ....................................................................................... 24

Fed. R. Bankr. P. 9019 ................................................................................... *passim*

Fed. R. Bankr. P. 9019(a) ............................................................................... *passim*

Fed. R. Bankr. P. 9023 ............................................................................................ 23

**Other Authorities**

Prac. L. Inst. Com. L. & Prac. Course Handbook Series (1988) ................................... 6

## INTRODUCTION

In a motion to approve a settlement agreement under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9019(a), Celsius Network LLC *et al.* ("Celsius"), requested bankruptcy court authorization to make supplemental distributions to certain corporate creditors under its earlier-confirmed plan of reorganization. In addition to provisions relating to such creditor distributions, the agreement also contained a provision to pay Appellant, the Ad Hoc Committee of Corporate Creditors ("Ad Hoc Committee" or "Committee"), which negotiated the agreement on behalf of such creditors, and its counsel, the Sarachek Law Firm ("Sarachek Firm" or "Firm"). The bankruptcy court issued a final settlement order under Bankruptcy Rule 9019(a), approving the distribution provisions, but denying the payment provision.

The court instead allowed the Sarachek Firm to file a later application for approval of its fees, provided it was supported by the Firm's time records. The Firm filed a fee application, and in a final fee order, the bankruptcy court approved a reduced sum, based on the Firm's time records. The Ad Hoc Committee then appealed both the earlier settlement order and the fee order.[1]

---

[1]  For clarity, the provisions of the settlement order authorizing supplemental creditor distributions have not been appealed. Rather, only the denial of the payment provision has been appealed, and is at issue here.

The United States Trustee did not object to the Firm's later fee application in the bankruptcy court, and therefore, takes no position in the concurrent appeal of the fee order.

However, as the United States Trustee advised the Court at the initial January 6, 2025 conference, the Ad Hoc Committee filed its notice of appeal of the settlement order untimely. *See* Dkt. entry dated Jan. 6, 2025.[2]  Under governing Second Circuit precedent, such untimeliness divests this Court of jurisdiction over this appeal of the final settlement order.  The appeal, therefore, must be dismissed.

Alternatively, to the extent this Court reviews the merits, the settlement order should be affirmed.  On this record, the bankruptcy court denied the payment provision of the proposed settlement, because even after a hearing on the matter, it was unclear whether the compensation was only for the Sarachek Firm, or for both the Firm and its client, the Ad Hoc Committee.  It also was undisputed that, to the extent the Committee was to be paid, its members would receive an unauthorized bonus.  Therefore, the bankruptcy court denied the settlement's ancillary payment provision, while approving its substantive distribution provisions.  As a matter of

---

[2]  The United States Trustee is an official of the United States Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases.  28 U.S.C. §§ 581-589.  It is the United States Trustee's "responsibility to represent and protect the public interest" in bankruptcy cases. *Adams v. Zarnel (In re Zarnel)*, 691 F.3d 156, 162 (2d Cir. 2010).  The United States Trustee must monitor "the progress of cases under title 11 and tak[e] such action as [he or she] deems to be appropriate to prevent undue delay in such progress."  28 U.S.C. § 586(a)(3)(G).  With one statutory exception not relevant here, the United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding."  11 U.S.C. § 307.

References to the appellant's appendix are cited as "APPX[page number]", and references to the docket in the Celsius bankruptcy case are "Bkr. Dkt. [docket number]."

judicial adjudication, this approach, as implemented in the settlement order, was not an abuse of discretion.

## STATEMENT OF APPELLATE JURISDICTION

The United States Trustee disagrees with the Ad Hoc Committee's statement of jurisdiction.  *See* Op. Brief, at 1-3.

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(a) and (b), and 1334(a), over Celsius' bankruptcy case, (Bkr. No. 22-10964-MG), and its motion for approval of a settlement agreement with the Ad Hoc Committee.  On October 11, 2024, the court denied the agreement's payment provision in its final *Order (I) Authorizing Supplemental Distribution to Eligible Corporate Creditors, (II) Approving Procedures for Supplemental Corporate Creditor Distributions, and (III) Granting Related Relief* ("Settlement Order").

However, the Ad Hoc Committee's notice of appeal of the Settlement Order was not filed until November 26, 2024, which was 32 days after expiration of the 14-day deadline established by 28 U.S.C. §§ 158(a) and (c)(2) and Bankruptcy Rule 8002. As a result, as explained in section I of the Argument, *infra*, this Court lacks jurisdiction to hear this appeal.

## STATEMENT OF THE ISSUES

1.     Does this Court lack jurisdiction over this untimely appeal?

2.     Did the bankruptcy court abuse its discretion by approving the distribution provisions of the settlement motion, and denying the payment provision?

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's legal conclusions *de novo*, and its factual findings for clear error. *Giaimo v. DeTrano (In re DeTrano)*, 326 F.3d 319, 321 (2d Cir. 2003). A factual finding is clearly erroneous "only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (internal quotation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).

A bankruptcy court's decision to approve and/or deny a settlement motion under Bankruptcy Rule 9019(a) is reviewed for abuse of discretion. *In re Iridium Operating LLC*, 478 F.3d 452, 461 n.13 (2d Cir. 2007); *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir.1985). A court abuses its discretion when its decision "rests on an error of law . . . or a clearly erroneous factual finding, or . . . cannot be located within the range of permissible decisions." *Zervos*, 252 F.3d at 169.

This Court can affirm for any reason supported by the record, even if it was not relied on by the bankruptcy court. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

4

## STATEMENT OF THE CASE

I.    **Statutory Framework.**

A.    **Official and Ad Hoc Committees in Chapter 11.**

When a debtor voluntarily files a case under chapter 11 of the Bankruptcy

Code, an estate is automatically created.  11 U.S.C. §§ 301(a), 541(a), 1115.  Chapter

11 allows the debtor "to retain its assets, restructure debts, and pay creditors under a

court-approved plan." *Ice House America, LLC v. Cardin*, 751 F.3d 734, 736 (6th Cir.

2014).

Upon sufficient interest, in chapter 11 cases the United States Trustee appoints

official committees of unsecured creditors, and depending upon the circumstances,

additional committees.  11 U.S.C. § 1102.  Official committees have statutory

authority to, among other things, investigate various acts of the chapter 11 debtor, or

perform other services as are in the interest of those represented. 11 U.S.C. § 1103(c).

But "[t]here is no statutory authority to pay compensation to [official]

committee members." *In re Mesta Mach. Co.,* 67 B.R. 151, 164 (Bankr. W.D. Pa. 1986);

*In re General Homes Corp., FGMC, Inc.*, 143 B.R. 99, 103 (Bankr. S.D. Tex. 1992) ("there

is no authority for allowing fees [ ] for a committee member").  It is thus well-

established that members of official chapter 11 committees cannot receive "any form

of compensation . . . themselves, whether as agents or solicitors of agents or

otherwise." *Lane v. Haytian Corp. of America*, 117 F.2d 216, 221 (2d Cir. 1941); *In re*

*Sweetwater*, 40 B.R. 733, 744 (Bankr. D. Utah 1984) ("a member of the creditors'

committee may not receive compensation for services rendered").  Also, "it is clear that creditors' committee members can't be paid for their time on the committee." *Gen'l Homes*, 143 B.R. at 103 *quoting* Levine, *Creditors Committees,* 448 Prac. L. Inst. Com. L. & Prac. Course Handbook Series 373, 376 (1988).

With court approval, however, official committees may employ attorneys and other professionals.  11 U.S.C. § 1103(a).  Such professionals are compensated from the chapter 11 debtor's bankruptcy estate.  11 U.S.C. § 330(a)(1).

Creditors in chapter 11 cases are also free to form unofficial, informal or "ad hoc" committees to collectively represent their interests in connection with the case. It is also hornbook bankruptcy law that, like their official counterparts, members of "[i]nformal committees cannot receive compensation [ ] in acting either for the debtor or for the [informal] Committee in passing upon and supporting any of the plans offered."  *Lane*, 117 F.2d at 221.

Compared with their official counterparts, ad hoc committees do not enjoy certain benefits conferred by the Bankruptcy Code.  As non-individual entities, they must be represented by counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).  But unlike official creditors' committees, whose attorneys may be compensated by the bankruptcy estate, an ad hoc committee has no such entitlement as a matter of law.  Instead, an ad hoc committee may be reimbursed for its attorney's fees from a bankruptcy estate only upon meeting a higher "substantial contribution" standard before bankruptcy court confirmation of a reorganization plan.  11 U.S.C. §

503(b)(3)(D) and (4).  No Bankruptcy Code provision authorizes the reimbursement of an ad hoc committee's professional fees after plan confirmation.

## B.    Settlements Under Bankruptcy Rule 9019.

Bankruptcy Rule 9019 establishes the discretionary power of a bankruptcy court to approve or disapprove proposed compromises or settlements.  *Teltronics*, 762 F.2d at 189.  "Settlements are favored in bankruptcy and, in fact, encouraged."  *In re Chemtura Corp.*, 439 B.R. 561, 595 (Bankr. S.D.N.Y. 2010) (cleaned up).  However, "[i]n determining whether a compromise should be approved, the bankruptcy judge must determine whether it is 'fair and equitable.'"  *In re Lehman Bros. Holdings, Inc.*, 435 B.R. 122, 133-34 (S.D.N.Y. 2010), *quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968).

The Second Circuit has identified seven factors to consider: "(1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including [ ] the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) [ ] the experience and knowledge of the bankruptcy court judge reviewing the settlement; (6) [ ]; and (7) the extent to which the settlement is the product of arm's length bargaining."  *Iridium*, 478 F.3d at 462 (cleaned up).  In evaluating a proposed settlement, the bankruptcy court is tasked, not

7

with "deciding the numerous questions of law and fact raised [ ], but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir.1983) (cleaned up).

Within that framework, a bankruptcy court has "broad discretion to approve settlements reached under [Bankruptcy] Rule 9019, and need only satisfy itself that the settlement is 'within the range of reasonableness.'" *In re Smartworld Techs., LLC*, No. 03 Civ. 9467 (DLC), 2004 WL 1118328, *2 (S.D.N.Y. May 19, 2004), *vacated other grounds*, 423 F.3d 166 (2d Cir. 2005), *quoting In re Best Product Co., Inc.,* 68 F.3d 26, 33 (2d Cir.1995).  In informing the bankruptcy court, "the settlement proponent bears the burden to persuade the court that the settlement is in the best interest of the estate." *In re Sabine Oil & Gas Corp.*, 555 B.R. 180, 257 (Bankr. S.D.N.Y. 2016).  It follows that a bankruptcy judge "must actually exercise his discretion and not simply rubber stamp" a proposed settlement.  *Depoister v. Mary M. Holloway Foun'n*, 36 F.3d 582, 587 (7th Cir. 1994) (cleaned up).

A reviewing court should affirm a bankruptcy court's settlement decision unless it falls below the lowest point in the range of reasonableness.  *Teltronics,* 762 F.2d at 189 (2d Cir. 1985).

## II.    Statement of the Facts.

### A.    General Background.

Celsius was an online cryptocurrency platform that, as of its chapter 11 filing on July 13, 2022, operated with over 600,000 customers. *In re Celsius Network LLC*, No. 23 Civ. 10368 (LGS), 2024 WL 3376496, *1 (S.D.N.Y. July 11, 2024). The bankruptcy court (Hon. Chief Judge Glenn) entered an order confirming Celsius' chapter 11 plan of reorganization ("Plan") on November 9, 2023. *Id.*

Following Plan confirmation, certain "corporate creditors" disputed the amounts of their Plan distributions. Op. Brief, at 6-7. Appellant herein, the Ad Hoc Committee, was then formed to facilitate negotiations with reorganized Celsius on behalf of such creditors, and the dispute was mediated to conclusion. *Id.* The Sarachek Firm represented the Ad Hoc Committee in these efforts. *Id.*

### B.    The Settlement Motion Proposes to Pay the Ad Hoc Committee and the Sarachek Firm.

To obtain bankruptcy court approval of its agreement with the Committee, reorganized Celsius filed a supplemental distribution motion under Bankruptcy Rule 9019 on August 29, 2024 ("Settlement Motion"). (APPX0081-0150; Bkr. Dkt. 7661). Substantively, the Settlement Motion proposed a supplemental, post-confirmation distribution to the corporate creditors, pursuant to a Settlement Term Sheet with the Ad Hoc Committee and Coinbase Inc., an intermediary digital currency exchange ("Term Sheet"). *Id.*

Additionally, in discrete payment provisions in the Settlement Motion, and a corresponding discrete provision in the Term Sheet, the Settlement Motion also proposed to pay the Ad Hoc Committee and its counsel, the Sarachek Firm, the sum of $1.5 million.  (APPX0110-0111, at ¶¶ 58-62; and APPX0130, Term Sheet, ¶ 7).  Specifically, the Settlement Motion set forth that: "Under Section 7 of the Settlement Term Sheet, '. . . the Parties agree to compensation of the Ad Hoc Committee [ ] **and** its counsel in the aggregate amount of $1,500,000.'"  (APPX0111, at ¶ 59) (bold added).  The payment provisions appeared in both the Settlement Motion and the Term Sheet, separate and apart from the substantive provisions governing the economics and mechanics of the distributions to creditors.  (APPX0110-0111, at ¶¶ 58-62; and APPX0130, Term Sheet, ¶ 7).

The United States Trustee filed an objection to the Settlement Motion on September 5, 2024, taking issue with both its substantive distribution provisions and the payment provision.  (APPX0466-0490, Bkr. Dkt. 7667).  With respect to the latter, the United States Trustee argued that there is no statutory basis for paying an unofficial committee such as the Ad Hoc Committee.  (APPX0489).  A creditor, Sean Xue, also objected to the payment provisions, describing the $1.5 million payment as "excessive."  (APPX0460-0462).

Celsius filed a reply, (Bkr. Dkt. 7677), but the Ad Hoc Committee failed to file a reply to these objections to its proposed payment.  *See* Bankr. Dkt.

10

**C.    The Bankruptcy Court Denies the Payment Provision, but Permits the Sarachek Firm to File a Fee Application with Time Records.**

On September 12, 2024, the bankruptcy court held a hearing on the Settlement Motion ("Settlement Hearing").  (APPX0005; Bkr. Dkt. 7694).  In a Memorandum Opinion issued on October 3, 2024, the bankruptcy court approved the substantive distribution provisions of the Settlement Motion, and denied the payment provision. (APPX0024-0026, Bkr. Dkt. 7726).  *In re Celsius Network LLC*, No. 22-10964 (MG), 2024 WL 4394507 (Bankr. S.D.N.Y. Oct. 3, 2024).  The court ruled that whether the payment was to compensate the Ad Hoc Committee "and" the Sarachek Firm, or solely the Committee, was not clear.  (APPX0024-0026).  The bankruptcy court also disapproved the payment to the Ad Hoc Committee because, to the extent that the Committee was being paid, the compensation was an impermissible "'cherry on top' bonus" to its nine individual members.  (APPX0026).

The bankruptcy court, however, allowed the Sarachek Firm to file a fee application, with time records reflecting fees from the time of its engagement to the execution of the Term Sheet.  *Id.*  The court ruled that: "Only those amounts, as [Celsius] recognize[s], may be paid in accordance with Article II.B.4 of the Plan,." The Memorandum Opinion ordered "Counsel for the settling parties" – which included the Sarachek Firm – to submit a proposed order reflecting the bankruptcy court's ruling.  (APPX0027).

**D.      The Bankruptcy Court Enters the Settlement Order.**

On October 11, 2024, the bankruptcy court entered its Settlement Order. (APPX0028-0070; Bkr. Dkt. 7747).[3]  The Settlement Order approved the distribution provisions of the Term Sheet, "*provided* that the compensation for the Ad Hoc Committee of Corporate Creditors described in section 7 of the Settlement Term Sheet is not approved."  (APPX0029, ¶ 2; italics in orig.).  The Settlement Order also allowed (but did not direct) the Sarachek Firm to file a fee application by October 17, 2024, again with time records from the date of its engagement to the execution of the Term Sheet.  (APPX0031, ¶ 11).

**E.      The Sarachek Firm Files a Contingency-Based Fee Application.**

As permitted by the court, the Sarachek Firm filed a fee application on October 17, 2024, asking for over $1.6 million in fees, based on a contingency fee agreement with the Ad Hoc Committee.  ("Fee Application") (APPX0151-0187; Bkr. Dkt. 7754). The Fee Application did not discuss either the Firm's contribution, or furnish the contingency agreement.  (APPX0151-0158).  Time records attached to the application showed billings of $390,340.  (APPX0167-0187).

---

[3]  For the avoidance of doubt, the Settlement Order was signed by Chief Bankruptcy Judge Glenn on October 4, 2024, (APPX0033), but not entered on the bankruptcy docket until October 11, 2024.  (*See* Bkr. Dkt. 7747, entry date).

The United States Trustee did not object to the Sarachek Firm's Fee Application, and Celsius took no position on it. *See* Bankr. Dkt. Creditor Xue, however, filed an objection to the application. (APPX0491-0492).

**F.    The Bankruptcy Court Grants Hourly Fees to the Sarachek Firm.**

On November 12, 2024, the bankruptcy court entered its Memorandum Opinion and Fee Order. (APPX0071-0080, Bkr. Dkt. 7810; "Fee Order"). The court awarded the Sarachek Firm fees of $128,669, from August 7, 2024 to August 29, 2024, based on the firm's hourly time records. (APPX0079-0080). Reimbursement of $414.87 in expenses was also granted. *Id.*

Meanwhile, on November 14, 2024, Celsius began making supplemental distributions to its corporate creditors pursuant to the Plan and Settlement Order. (APPX0493-0498; Bkr. Dkt. 7884, Report on Distributions, ¶ 10 at 7).

**G.    The Ad Hoc Committee Appeals to this Court.**

On November 26, 2024, the Ad Hoc Committee filed its Notice of Appeal of: (1) the October 3, 2024 Memorandum Opinion; (2) the October 11, 2024 Settlement Order; and (3) the November 12, 2024 Fee Order. (APPX0188-0199; Bkr. Dkt. 7867).

## SUMMARY OF ARGUMENT

I.      The Ad Hoc Committee filed its notice of appeal beyond the fourteen-day period provided in 28 U.S.C. § 158(c)(2) and Bankruptcy Rule 8002.  Under governing precedent and its own express terms, the Settlement Order was a final order.  In approving the distribution to corporate creditors, and unconditionally denying the payment provision, the Settlement Order completely resolved all proceedings attendant to the Settlement Motion, which constituted its own discrete procedural unit within the Celsius bankruptcy case.  The Settlement Order also put a conclusive end to the bankruptcy court's adjudication of the Settlement Motion, leaving nothing for the court to do in that proceeding under Bankruptcy Rule 9019(a).

Later events corroborated this finality.  The bankruptcy court permitted the Committee to later seek approval of its legal fees, but only if it so desired, and only outside the confines of its earlier agreement with Celsius.  Accordingly, the Committee's later Fee Application, which neither asked for approval of an agreement nor raised Bankruptcy Rule 9019(a), began an entirely new proceeding, separate and apart from the earlier Settlement Motion proceedings, which had come to a definite end.

For these reasons, the Settlement Order was a final order.  The Ad Hoc Committee failed to file a timely notice of appeal of such order.  As the 14-day deadline of 28 U.S.C. § 158(c)(2) and Bankruptcy Rule 8002 is mandatory, this Court should dismiss the appeal.

**II.**     Nor did the bankruptcy court abuse its discretion in denying the payment provision of the Settlement Motion and Term Sheet.  The record amply supports the bankruptcy court's finding.  It has not been disputed that both the Settlement Motion and Term Sheet failed to clearly identify whether the Committee or the Sarachek Firm, or both, would be paid $1.5 million.  Nothing in the remainder of the record lent certainty to the identity of the specific payee, and binding law prohibits payment to the Committee members.  Acknowledging this "ambiguity," the Appellant Ad Hoc Committee has conceded the propriety of the bankruptcy court's finding.

For these reasons, the payment provision was unreasonable, and the bankruptcy court correctly concluded that it should be denied under Bankruptcy Rule 9019(a).  The court's carefully measured denial reflected an actual exercise of responsible judicial oversight, and was far from an abuse of its broad discretion.

**III.**     The Committee's arguments on appeal lack merit.  It largely argues that the bankruptcy court exceeded its authority by approving certain provisions of the Settlement Motion and Term Sheet, and denying another, because the court's discretion was limited.  But this restrictive view of the bankruptcy court's scope of discretion under Bankruptcy Rule 9019(a) is ill-taken.  Long ago, the Second Circuit and this Court established that bankruptcy courts have broad discretion under Bankruptcy Rule 9019(a), and like here, bankruptcy courts routinely "piecemeal" settlement agreements.  For these reasons, the Settlement Order should be affirmed.

## ARGUMENT

**I.**   **This Appeal Should be Dismissed Because the Notice of Appeal Was Not Filed Within the Time Established by 28 U.S.C. § 158(c)(2) and Fed. R. Bankr. P. 8002.**

The Ad Hoc Committee has relegated its jurisdictional argument to the end of its Opening Brief, (Op. Brief at 31-37), but jurisdiction of a bankruptcy appeal is of course a threshold, gate-keeping issue this Court must decide before consideration of the merits. *In re Masterwear Corp.*, No. 98 Civ. 688, 1998 WL 879694, * 2 (S.D.N.Y. Dec. 16, 1998) ("this court is obligated as a threshold matter to determine whether it has subject matter jurisdiction").

More importantly, the Ad Hoc Committee's Opening Brief fails to present, much less discuss, salient authorities governing the finality and appellate jurisdiction of bankruptcy orders. (*See* Op. Brief at 31-37).[4]  Consequently, the Committee's analysis concerning the finality of the Settlement Order falls short. The applicable authorities, which lead to the conclusion that the Settlement Order is a final order that the Committee failed to timely appeal, are presented in this Argument § I.

---

[4]    The Committee has forfeited any challenge to such authorities by failing to address them in its Opening Brief. *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

### A.    Bankruptcy Orders and Finality.

Absent leave of court, which the Ad Hoc Committee has never sought, district courts may hear appeals from a bankruptcy court's "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). This "final order" rule, uniform throughout all of federal jurisprudence, reflects the conclusion that, in general litigation, "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of [trial] judges, who play a 'special role' in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (*quoting Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

"A bankruptcy case involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). "It is thus common for bankruptcy courts to resolve discrete controversies definitively while the umbrella bankruptcy case remains pending. Delaying appeals from discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes." *Ritzen Grp. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586-87(2020).

Reflecting their unique nature, "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Id.*, at 586. That is because 28 U.S.C. § 158 "authorizes appeals as of right not only from final judgments in cases but from 'final judgments, orders, and decrees . . .

17

in cases *and proceedings*.'" *Bullard*, 575 U.S. at 501-02 (quoting 28 U.S.C. § 158(a); ital. added). "Section 158(a) asks whether the order in question terminates a procedural unit separate from the remaining case." *Ritzen*, 140 S. Ct. at 591. Thus, in *Bullard*, the Supreme Court held that a bankruptcy court's denial of a proposed chapter 13 plan with leave to amend is not a final order because all parties are left in the same position and retain all the same rights they had prior to the ruling. *Bullard*, 575 U.S. at 501-03.

The Supreme Court has described a range of finality into which bankruptcy judgments or orders may fall. On one end of the range, rulings such as bankruptcy orders denying motions to lift the automatic stay are final, because the adjudication of such motions form "a discrete procedural unit" that is "separate from [] the claim-resolution proceedings," and in issuing such denials, the bankruptcy courts "unreservedly" deny relief. *Ritzen*, 140 S. Ct. at 586, 589. Also final are orders confirming a proposed bankruptcy plan or dismissing a case. *Bullard*, 575 U.S. at 502-03. These would constitute final judgments, because those rulings "alter[] the status quo and fix[] the rights and obligations of the parties." *Id.* at 502. A bankruptcy order is final "if it is both procedurally complete and determinative of substantive rights." *In re Jackson Masonry, LLC*, 906 F.3d 494, 501 (6th Cir. 2018), *aff'd sub nom. Ritzen*, 140 S. Ct. 582. "The more significant and irreparable the consequences, the more likely a given order really is final." *Id.* at 502. On the other end of the spectrum are orders that impact only small portions of a larger proceeding, such as inconsequential rulings on motions to extend time. *Bullard*, 575 U.S. at 505-06.

18

The Settlement Order at issue here is closer to the "denial to lift the stay" end of the range found final in *Ritzen*.

**B.    The Settlement Order is a Final Order.**

Under the Supreme Court's recent decisions in *Bullard* and *Ritzen*, the Settlement Order is a final order.  Like the motion for relief from the stay in *Ritzen*, the Settlement Motion at issue here: (1) initiated "a discrete procedural sequence, including notice and a hearing;" (2) the Ad Hoc Committee's "qualification for relief turn[ed] on the governing [Bankruptcy Rule 9019] standard," *i.e.*, whether the Settlement Motion's compensation provision lied below the lowest point in the range of reasonableness, (*Smartworld*, 2004 WL 1118328, at *2); and (3) resolution of the Settlement Motion – which did not concern the adjudication of the allowance of any corporate creditor's individual claim, but rather the mechanics of making an equalizing distribution on account of such a claim – did "not occur as part of the adversary claims-adjudication process."  *Id.*, at 589.

Furthermore, the Settlement Order "resolve[d] a discrete procedural unit within the embracive bankruptcy case."  *Id.*, at 586.  Applying *Ritzen* here, "[b]ecause the appropriate 'proceeding' in this case is the adjudication of the [settlement] motion . . . the Bankruptcy Court's order conclusively denying [the payment provision of] that motion is 'final,'" as it "ended the [settlement] adjudication and left nothing more for the Bankruptcy Court to do in that proceeding."  *Id.* at 592.

19

The Settlement Order, which the Sarachek Firm was ordered to submit along with the counsels of the other settlement parties, expressly contemplated no further compensation requests for the Firm as part of a settlement with Celsius under Bankruptcy Rule 9019.  *See* Settlement Order, APPX0031, ¶ 11.  To the contrary, the bankruptcy court allowed compensation to be sought only through a new, separate, distinct proceeding – *i.e.*, an "application for payment of fees [with] time records reflecting the work performed," and even then, only if the Committee and the Sarachek Firm chose to do so.  *Id.*  The Settlement Order thus did not leave the Ad Hoc Committee in the same position, nor did the Committee retain the same right – the right to seek payment pursuant to Bankruptcy Rule 9019 in the deal with Celsius – as it had prior to the settlement ruling.  *Bullard*, 575 U.S. at 501-03.

As the bankruptcy court gave no party leave to request payment anew under the rubrick of Bankruptcy Rule 9019, no party was free to do so.  And as a factual matter, no party did, because the settling parties – including the Appellant Ad Hoc Committee – then accepted the Settlement Order as final.  So did the bankruptcy court.

The Ad Hoc Committee did not go back and attempt to amend and restate its Term Sheet with Celsius.  Instead, switching to the only new proceeding permitted under the Settlement Order, the Committee's counsel, the Sarachek Firm, moved forward and filed its Fee Application for compensation with time records, without invoking Bankruptcy Rule 9019(a) or its standards.  (APPX0151-0187).  Therefore,

the bankruptcy court's subsequent Fee Order simply did not involve Bankruptcy Rule 9019(a).  (APPX0071-0080).

Then in undisputed demonstrations of finality, Celsius, the Committee's settlement counter-party, also moved on.  Celsius did not appeal the Settlement Order.  It instead began making supplemental distributions to corporate creditors authorized under the Settlement Order, (APPX0493-0498; ¶ 10 at 7), and "largely consummated" the Term Sheet.  (Op. Brief, at 11-12).  What's more, Celsius did not take a position on the Sarachek Firm's Fee Application.  *See* Bkr. Dkt.

The Settlement Order, in other words, "unreservedly" denied the settlement's payment provision.  *Ritzen*, 140 S. Ct. at 586, 589.  In so doing, the bankruptcy court also expressly "fixed" the Ad Hoc Committee's rights under its deal with Celsius, (*Bullard*, 575 U.S. at 502), and put an end to the settlement proceedings between the Committee and Celsius.  Then in response, both the Ad Hoc Committee and Celsius acted accordingly.

For these reasons, under *Bullard* and *Ritzen*, the relevant "proceeding" here – *i.e.*, the process of adjudicating the Settlement Motion pursuant to Bankruptcy Rule 9019 – was conclusively resolved and terminated by the Settlement Order, thereby rendering the Settlement Order final.  *See France v. Visions Fed. Credit Union*, No. 21-cv-1781-BHH-MHC, 2022 WL 3046899, * 2 (D.S.C. June 24, 2022) (under *Ritzen*, settlement order under Bankruptcy Rule 9019(a) and attendant sale order "dispose[d] of a 'discrete issue' within the bankruptcy case.").

21

C.    **The Ad Hoc Committee's November 26 Notice of Appeal was Untimely to Perfect an Appeal from the October 11 Settlement Order.**

This Court had jurisdiction of the provisions of the final Settlement Order denying payment, but the Ad Hoc Committee failed to file a timely notice of appeal. Therefore, this appeal should be dismissed.

1.    **The Ad Hoc Committee Filed its Notice of Appeal After the Statutory Deadline.**

Section 158(c)(2) of title 28 states, "[a]n appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  Bankruptcy Rule 8002(a)(1) states that, except for certain limited exceptions not relevant here, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).

Granting and denying the Settlement Motion in parts, on October 11, 2024, the bankruptcy court entered its Settlement Order.  (APPX 0028-0070; Bkr. Dkt. 7747). Therefore, the last day to file a timely notice of appeal here was October 25, 2024. But the Ad Hoc Committee did not file its notice of appeal until November 26, 2024 – 32 days after expiration of the 14-day deadline required pursuant to 28 U.S.C. §§ 158(a) and (c)(2) and Bankruptcy Rule 8002.  (APPX0188-0199; Bkr. Dkt. 7867).

22

The Ad Hoc Committee had three options if it wished to stay or extend the time for filing a notice of appeal: (1) file one of the four motions specified in Bankruptcy Rule 8002(b)(1), which would have stayed the time to file a notice of appeal; (2) file, before the 14-day appeal period expired, a motion to extend the time to file an appeal under Bankruptcy Rule 8002(d)(1)(A); or (3) file, within 21 days after the expiration of the 14-day appeal period, a motion requesting authority to file a late appeal upon a showing if excusable neglect under Bankruptcy Rule 8002(d)(1)(B).  But the Committee did not take any of these actions, nor did the bankruptcy court grant any of this relief.[5]

---

[5]   The Ad Hoc Committee fleetingly suggests that its Fee Application, which was filed on October 17, 2024, (*i.e.* – within the 14-day window of Bankruptcy Rule 8002(b)(1)), served as one of the motions tolling the time to appeal under that rule, (*i.e.* – a motion for a new trial under Bankruptcy Rule 9023, which implements Rule 59).  (*See* Op. Brief at 36).  But no part of the Fee Application asked, much less manifested an intent to ask, that the bankruptcy court reconsider its earlier denial of the Settlement Motion's payment provision.  (APPX0151-187; Bkr. Dkt. 7754).  Accordingly, the Fee Order did not do so.  (APPX0071-0080; Bkr. Dkt. 7810).
     In this regard, the decisions cited by the Committee are distinguishable.  *Emergency Recovery, Inc. v. Hufnagle*, 77 F. 4th 1317 (11th Cir. 2023), is inapposite because the appellants there filed clearly identified Rule 59 motions.  *Id.* at 1322 and 1324.  Moreover, because *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013), is a non-bankruptcy ruling issued well before *Bullard* and *Ritzen*, it is irrelevant here.  *Perez* is also distinguishable because the order at issue there awarded fees, which the Settlement Order here did not.  Moreover, for purposes of finality, the events of *In re Blasingame*, 525 B.R. 675 (Bankr. 6th Cir. 2015), are the opposite of what occurred here.  In *Blasingame*, the bankruptcy court ordered relief in the form of sanctions, then committed to "enter an additional order" liquidating the sanctions amount.  *Id.*, 525 B.R. at 677.  In contrast, here the bankruptcy court declined relief, and made no commitment whatsoever to award fees.  It merely permitted the discretionary filing of the Fee Application.  (APPX0031, ¶ 11).

Though the Ad Hoc Committee is attempting to characterize the Settlement Order as interlocutory, (Op. Brief at 31-37), its sole avenue for review was to file a motion for leave to appeal the order pursuant to Bankruptcy Rule 8004. But, like the Committee's other failures to preserve its appellate rights with respect to the Settlement Order, the Committee also failed to seek leave to appeal such order, and the time within which to do so has long expired. *See* Bankruptcy Rule 8004(a)(1).[6]

Accordingly, the Committee's November 26 notice of appeal was untimely.

---

The Sarachek Firm filed its October 17, 2024 Fee Application within 14 days of the October 3, 2024 signature date on the Settlement Order, (*see* note 4 *supra*), not because 14 days is the outermost time limit of Bankruptcy Rule 8002(a)(1), but because October 17 was the last day the Settlement Order expressly allowed for the Firm to seek fees, if it so desired. (APPX0031, ¶ 11).

[6] For purposes of determining finality of the Settlement Order, the Ad Hoc Committee, while failing to present the main authorities on bankruptcy finality, argues that finality of such order should be determined by bootstrapping the separate document rule, Bankruptcy Rule 7058 – *i.e.,* Rule 58. *See* Op. Brief at 31-37. The Committee's labyrinthic argument concerning Rule 58 is difficult to understand, but it is merely hypothetical because Bankruptcy Rule 7058 applies only in adversary proceedings, which the Settlement Motion was not. *See* Fed. R. Bankr. P. 9014(c). In any event, the Committee openly acknowledges that Bankruptcy Rule 7058 simply does not apply here. *See* Op. Brief at 32 ("FRBP applies only if the dispute is an adversary proceeding . . . [t]he present dispute had not yet reached the complaint stage.").

    2.      **Under Binding Second Circuit Precedent, This Court Does Not Have Jurisdiction to Hear the Ad Hoc Committee's Untimely Appeal.**

This appeal is governed by the Second Circuit's decision in *In re Siemon*, 421 F.3d 167 (2d Cir. 2005). Affirming this Court, in *Siemon*, the Circuit held that "the time limit contained in [Bankruptcy] Rule 8002 is jurisdictional, and [ ] in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *Id.* at 169, *affirming Siemon v. Emigrant Sav. Bank*, No. 04-cv-6495 (JSR), Dkt. 7. The Second Circuit continues to apply *Siemon* where the notice of appeal was filed after expiration of the appeal period provided in Bankruptcy Rule 8002. *See, e.g., In re Soundview Elite Ltd.*, 697 F. Appx. 663 (2d Cir. 2015) ("time limitations in [Bankruptcy] Rule 8002(a) are jurisdictional and mandatory"); *In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (concluding that Fed. R. App. P. 6(b)(1), governing appeals to the Court of Appeals from the district courts, is a non-jurisdictional rule, and reaffirming that "the time limit prescribed by [Bankruptcy] Rule 8002(a) is jurisdictional."); *In re B.A.R. Entertainment Mgmt., Inc.*, 414 F. Appx. 310 (2d Cir. 2010) (affirming district court's dismissal of untimely bankruptcy appeal). Other district courts within the Second Circuit have recently followed this binding precedent and ruled accordingly. *See, e.g., In re Nestor*, No. 24-CV-7109(JHR)(SLC), 2024 WL 4664849, *1 (S.D.N.Y. Oct. 10, 2024) (dismissing

bankruptcy appeal filed 21 days after entry of the order on appeal, because Bankruptcy Rule 8002(a)'s 14-day "requirement is jurisdictional"); and *New Era Professional Prep Servs., LLC. v. Unity Bank*, No. 23-CV-7595 (RPK), 2024 WL 5049819, * 1-2 (E.D.N.Y. Dec. 9, 2024) (dismissing appeal filed 32 days after entry of bankruptcy dismissal order; "this Court must follow binding Second Circuit precedent").

### 3.    Even if the Appeal Deadline Were Not Jurisdictional, It Is Mandatory and Still Requires Dismissal.

Even if *Siemon* and its Second Circuit progeny were not binding precedent requiring this Court to dismiss this appeal for lack of jurisdiction, dismissal would still be appropriate because the deadline of Bankruptcy Rule 8002(a)(1) is mandatory. Although the Second Circuit and the great majority of other circuits have found Bankruptcy Rule 8002's 14-day deadline jurisdictional, the Sixth and Eighth Circuits have held otherwise. *See In re VeroBlue Farms USA Inc.*, 6 F.4th 880, 887 (8th Cir. 2021); and *In re Tennial*, 978 F.3d 1022, 1025 (6th Cir. 2020). However, that split is irrelevant because the deadline remains mandatory and, therefore, if failure to timely appeal is raised, the appeal is still subject to dismissal. *New Era*, 2024 WL 5049819, at *3 ("the statute and bankruptcy rule [8002(a)(1)] both speak in mandatory terms").

The Supreme Court has held that "some claims-processing rules," such as filing deadlines—"are 'mandatory'—that is, they are 'unalterable' if properly raised by an opposing party." *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192 (2019). Here,

Bankruptcy Rule 8002 provides that an appeal "*must* be filed . . . within 14 days." Fed R. Bankr. P. 8002(a)(1) (emphasis added). As the Sixth Circuit explained in *Tennial*, "the deadline [of Bankruptcy Rule 8002] remains mandatory," and "[b]ecause the appeal deadline is mandatory, because [the appellant] missed it, and because [the appellee] raised the issue in its motion to dismiss, the appeal must be dismissed as dilatory." *Tennial*, 978 F.3d at 1028.

The same is true here. The appeal deadline of Bankruptcy Rule 8002 is mandatory. The Ad Hoc Committee missed the deadline. And the United States Trustee raised the issue in his initial appearance at the January 6, 2025 status conference, (Op. Brief, at 31; and Dkt. entry dated Jan. 6, 2025), and again in this Appellee's Brief. Therefore, the Ad Hoc Committee's appeal "must be dismissed as dilatory." *Id.*

"In sum, whether the deadlines in [Bankruptcy] Rule 8002 are jurisdictional or mandatory claims-processing rules, this Court lacks authority to alter or disregard them. Because [the Committee's] appeal was not timely filed, the appeal [should be] dismissed." *New Era*, 2024 WL 5049819, at *3.

## II. Alternatively, the Bankruptcy Court Did Not Abuse its Discretion by Denying the Payment Provision.

### A. The Bankruptcy Court's Denial of the Payment Provision Was Not An Abuse of Discretion.

Here, the Ad Hoc Committee and other settlement parties left the bankruptcy court unable to establish the identity of the payment provision's payee(s), and to the extent such payees were the Committee's members, well-established bankruptcy law prohibits the payment. Therefore, on this record, the bankruptcy court's denial of the payment provision was not an abuse of discretion.

Bankruptcy judges have "broad discretion with respect to the review of proposed settlements." *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *In re Ashford Hotels, Ltd.*, 235 B.R. 734, 740 (S.D.N.Y. 1999) ("Judge Gallet acted properly and within the broad discretion afforded bankruptcy court judges with respect to the approval of settlements."). The Court has instructed that, in exercising such discretion to determine whether a proposed settlement is "fair and equitable," *TMT Trailer Ferry*, 390 U.S. at 424, a bankruptcy judge "must 'apprise himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.'" *Lehman Bros.*, 435 B.R. at 134, *quoting TMT Trailer Ferry*, 390 U.S. at 424. But it is the proponent's burden to advise the bankruptcy court of all relevant facts supporting to Bankruptcy Rule 9019(a) motion. *Sabine Oil*, 555 B.R. at 257.

Here, the bankruptcy court denied approval of the payment provision because a material fact was missing, that is the precise identity of the payee(s) under such provision. The payment terms delineated in the Settlement Motion, and the corresponding paragraph in the Term Sheet, both proposed to pay the Ad Hoc Committee **and** its counsel, the Sarachek Firm, the sum of $1.5 million. (APPX0110-0111, Settlement Motion, ¶¶ 58-62; and APPX0130, Term Sheet, ¶ 7). Specifically, the Settlement Motion set forth that: "Under Section 7 of the Settlement Term Sheet, '. . . the Parties agree to compensation of the Ad Hoc Committee [ ] **and** its counsel in the aggregate amount of $1,500,000.'" (APPX0111, at ¶ 59) (bold added).

As so drafted in the conjunctive, it cannot be, and has not been, disputed that this material term of the payment provision – *i.e.*, who would receive $1.5 million under the payment provision . . . the Ad Hoc Committee, the Sarachek Firm, or both – was left unclear. Nothing in the record suggests that Celsius, which has not appealed and which bore the burden under Bankruptcy Rule 9019(a), did anything during the Settlement Motion proceedings to clarify the payment provision. Furthermore, nothing in the record reflects that, for their part, the Committee and the Sarachek Firm did anything either to appease this disabling uncertainty. Quite the contrary, in its Opening Brief, the Ad Hoc Committee openly concedes this factually material "ambiguity." Op. Brief, at 8.[7]

---

[7] Consistent with this concession, in its Opening Brief, the Committee has elected not to challenge, let alone discuss, the reasons for the bankruptcy court's denial of the

As a result, the bankruptcy court was unable to discern a highly material component of the payment provision – who was getting paid $1.5 million. *See In re Industrial Comm. Elec., Inc.*, No. 02-45451 (JBR), 2006 WL 395222, *1 (Bankr. D. Mass. Feb. 14, 2006) (denying approval of debtor's settlement stipulation with the IRS under Bankruptcy Rule 9019(a) because the stipulation left the payment amount to the IRS "unclear".). Given insufficient facts from a faulty record to tell who was receiving the money, the bankruptcy court's denial of the payment provision was not an abuse of its broad discretion.

Furthermore, it was not an abuse of discretion for the bankruptcy court to deny the payment provision, to the extent it sought to pay specifically the Ad Hoc Committee. Here, the bankruptcy court was unwilling to authorize any payment to the nine members of the Committee. (APPX0026). That is because, pursuant to binding, long-standing precedent, members of "[i]nformal committees cannot receive compensation . . . in acting . . . for the [informal] Committee in passing upon and supporting any of the plans offered." *Lane*, 117 F.2d at 221 (2d Cir. 1941). Paying the Ad Hoc Committee, in other words, was legally prohibited.

---

payment provision, or the law underlying such denial. See Op. Brief. By virtue of this election, the Committee has forfeited all aspects of such a challenge. *Knipe v. Skinner*, 999 F.2d at 711.

Furthermore, the bankruptcy court was also specifically unwilling to approve a "'cherry on top' bonus" to the Committee members. (APPX0026). That is because, in addition to the absence of authority permitting ad hoc committee members to be paid, there is also no authority in the Bankruptcy Code permitting members of an ad hoc committee to receive distributions greater than those of their equally-ranking constituents. "Whether a particular settlement's distribution scheme complies with the Code's priority scheme must be the most important factor for the bankruptcy court to consider when determining whether a settlement is 'fair and equitable' under Rule 9019." *Iridium*, 478 F.3d at 464. Therefore, approving a "bonus" for members of the Ad Hoc Committee in this case would have violated a fundamental principle of bankruptcy law – that creditors of the same priority rank receive proportionally equal distributions of estate property. *See* 11 U.S.C. §§ 1122(a), 1123(a)(4), 1129(b)(1).

For these reasons, it was not an abuse of discretion for the bankruptcy court to deny approval of the payment provision.

**B.    The Committee Cannot Establish Reversible Error.**

In arguing for reversal, the Committee mainly contends that, because the bankruptcy court had "limited" discretion under Bankruptcy Ruke 9019(a), it could not "piecemeal" the Term Sheet, and approve its distributive provisions while disapproving the payment provision. (Op. Brief at 14-15). But the court's bifurcation of the Term Sheet into permissible provisions that were approved, and an impermissible one that was not, was entirely within the court's broad discretion.

31

The Ad Hoc Committee misapprehends the scope of discretion of the bankruptcy court under Bankruptcy Rule 9019(a). As set forth throughout this Appellee's Brief, it has long been settled by the Second Circuit and this Court that the bankruptcy court has "broad discretion" whether to approve settlements. *In re Best Product Co., Inc.,* 68 F.3d 26, 33 (2d Cir.1995); *Smartworld,* 2004 WL 1118328, at *2 (S.D.N.Y. May 19, 2004); *In re Purofied Down Prods. Corp.,* 150 B.R. 519, 522 (S.D.N.Y. 1993); *In re Ashford Hotels, Ltd.,* 235 B.R. 734, 740 (S.D.N.Y. 1999). This breadth includes the power to deny approval of settlements. *In re RFE Indus., Inc.,* 283 F.3d 159, 163 (3d Cir. 2002). And contrary to the Committee's view, the scope of a bankruptcy court's discretion also includes the general "power to condition the approval of a settlement." *In re Wright,* 545 B.R. 541, 566 (Bankr. S.D. Tex. 2016); *see also In re Associated Gas & Elec. Co.,* 149 F.2d 996, 1001 (2d Cir. 1945) (affirming bankruptcy settlement and plan confirmation order under chapter X of former Bankruptcy Act, where the "compromise [had] received the approval of the District Court conditional upon its being embodied in [the] plan of reorganization [ ] confirmed by the court.").

The discretion to excise impermissible clauses from an otherwise approvable settlement agreement, as the bankruptcy court did here, also falls within the broad scope of discretion afforded to bankruptcy judges under Bankruptcy Rule 9019. Moreover, it is necessary discretion, because without it, the utility and purpose of Bankruptcy Rule 9019(a) – one of the most vital bankruptcy rules – would be

seriously undermined.  "[S]ettlements are important in bankruptcy because they 'help clear a path for the efficient administration of the bankrupt estate.'"  *In re Trinsum Grp., Inc.*, No. 08-12547 (MG), 2013 WL 1821592, *3 (Bankr. S.D.N.Y. Apr. 30, 2013), *quoting Iridium*, 478 F.3d at 455.  Therefore, as a matter of exercising their broad judicial discretion under Bankruptcy Rule 9019(a), bankruptcy courts often bifurcate settlement agreements submitted for their approval.  As set forth in the decisions discussed below, the exercise is prevalent, time-tested, and well within the realm of responsible adjudication of bankruptcy settlements.

In *In re Rivermeadows Assocs., Ltd.*, 185 F.3d 875, 1999 WL 448822 (10th Cir. 1999), for example, a creditor holding claims against both the bankruptcy estate and the debtor's owners reached a settlement with the bankruptcy trustee, providing for full payment of its claims.  *Id.* at *1.  But bifurcating the deal, the bankruptcy court "entered an order approving the settlement agreement subject to one exception."  *Id.*  Rejected was a provision providing for payment of the claimant's post-petition fees and costs, because they were subject to separate review under Bankruptcy Code § 506(b), which the court ruled could not be "bargained away."  *Id.*  The Tenth Circuit unreservedly affirmed, holding that "the bankruptcy court did not abuse its discretion in approving the settlement agreement with the exception of the attorney fees and costs provision, in order that the court fulfill its statutory obligation to consider the payment of attorney fees and costs pursuant to § 506(b)."  *Id.* at *3.

Recently, in *In re GOL Lineas Aéreas Inteligentes, SA*, 659 B.R. 641 (Bankr. S.D.N.Y. 2024), an airline in chapter 11 sought bankruptcy court approval of stipulations with certain aircraft lessors, which included "lockup" provisions requiring the lessors to support any bankruptcy plan proposed by the debtor reflecting the economic substance of corresponding aircraft agreements. *Id.*, at 651-59. Under Bankruptcy Rule 9019, however, the court approved the economic terms of the stipulations under governing standards, but disapproved the lockup provision due to its infringement on Bankruptcy Code § 1125 (governing the solicitation of votes on bankruptcy plans). *Id.*

Likewise, in *In re Hawks Prairie Investment, LLC*, No. 10-46634, 2010 WL 5257227 (Bankr. W.D. Wash. Dec. 17, 2010), the bankruptcy court approved five of 10 paragraphs in a settlement stipulation, and disapproved all or certain parts of the other five paragraphs, because those parts constituted impermissible settlements between non-debtors which the court lacked power to approve. Also, in *In re Final Analysis, Inc.*, 417 B.R. 332, 352-54 (Bankr. D. Md. 2009), the bankruptcy court approved a settlement as to certain claimants, but not others, advising counsel of the precise terms it would approve with respect to the claimants denied. And in *In re Palacios*, No. 14-70076, 2016 WL 361569, * 14 (Bankr. S.D. Tex. Jan. 27, 2016), the bankruptcy court granted a settlement motion in part, while denying an "impermissible" attorney's fees provision, because the attorney's employment was not authorized by the court, a necessary predicate.

34

The Committee's mistaken position that a bankruptcy court cannot bifurcate a settlement agreement because the court has only "limited" discretion under Bankruptcy Rule 9019(a) has been confined to a mere smattering of reported decisions, none at the Circuit level. (*See* Op. Brief, at 14-15). Such position, which has been espoused in far less than even a small minority of Bankruptcy Rule 9019(a)'s decisional law, runs counter to the broad discretion long afforded to bankruptcy courts by the Second Circuit and this Court, and has not been adopted by these courts. Nor should it be, as the position subverts the Bankruptcy Code's emphasis and encouragement of compromises, and the bankruptcy court's ability to exercise its broad discretion to help the parties achieve resolutions that pass legal muster.

For these reasons, in this case, the bankruptcy court's bifurcation of the Term Sheet in the Settlement Order was well within the court's broad discretion.

## CONCLUSION

For the reasons set forth above, the United States Trustee respectfully asks this Court to dismiss this appeal for lack of jurisdiction. Alternatively, because the bankruptcy court's October 4, 2024 Settlement Order fell within the range of reasonableness, and was well within the bankruptcy court's broad scope of discretion, this Court should affirm.

Dated:  February 28, 2025

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee for Region 2

By:    */s/ Andrew D. Velez-Rivera*
Andrew D. Velez-Rivera
Trial Attorney

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel

WILLIAM K. HARRINGTON
United States Trustee for Region 2
LINDA A. RIFFKIN
Assistant United States Trustee
SHARA C. CORNELL
MARK BRUH
ANDREW D. VELEZ-RIVERA
Trial Attorneys

U.S. Department of Justice
Executive Office for
 United States Trustees
441 G Street, NW, Suite 6150
Washington, DC  20530
Tel: (202) 307-1399
Fax: (202) 307-2397

U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Suite 534
New York, New York  10004
Tel: (212) 510-0500
Fax: (212) 668-2255

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief complies with the type-volume limitations set forth on Federal Rule of Bankruptcy Procedure 8015(a)(7)(B), in that the brief contains 8,535 words as counted by Microsoft Word.

By:   */s/ Andrew D. Velez-Rivera*
Andrew D. Velez-Rivera
Trial Attorney

## CERTIFICATE OF SERVICE

I certify that on February 28, 2025, I caused to be served the foregoing BRIEF OF APPELLEE, WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE, via United States mail and email on the following:

Zachary E. Mazur, Esq.
Sarachek Law Firm
670 White Plains Road, #PH
Scarsdale, NY  10583
zachary@sarscheklawfirm.com

Sean Xue
aceofangel2015@gmail.com

By:   */s/ Andrew D. Velez-Rivera*
Andrew D. Velez-Rivera
Trial Attorney