UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re CELSIUS NETWORK LLC *et al.*, Debtors<br><br>AD HOC COMMITTEE OF CORPORATE CREDITORS,<br>　　　　　Appellant,<br><br>　　　-v-<br><br>WILLIAM K. HARRINGTON, as UNITED STATES TRUSTEE, and SEAN XUE,<br><br>　　　　　Appellees. | 24-cv-9278 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

Before this Court is an appeal from a settlement order in bankruptcy court. The matter is dismissed because the appeal's untimeliness divests this Court of jurisdiction.

Celsius, an online cryptocurrency platform, filed for chapter 11 bankruptcy in 2022. See In re Celsius Network LLC, 2024 WL 3376496, at *1 (S.D.N.Y. July 11, 2024). The bankruptcy court then entered an order confirming Celsius' chapter 11 plan of reorganization in late 2023. Id.

Plaintiff-Appellant, the Ad Hoc Committee of Corporate Creditors ("Committee"), was formed on behalf of certain creditors that disputed their distributions under that plan of reorganization. Following negotiations with the newly bankrupt Celsius, Celsius filed a supplemental distribution motion under Bankruptcy Rule 9019 in August 2024. That motion proposed further distributions to the corporate

1

creditors represented by the Committee and a sum of $1.5 million to be paid to the Committee and its counsel.

On October 3, 2024, the bankruptcy court issued a memorandum opinion approving the revised distributions to the corporate creditors and denying the payments to the Committee and its counsel. See In re Celsius Network LLC, 2024 WL 4394507 (Bankr. S.D.N.Y. Oct. 3, 2024). In that ruling, the bankruptcy court further permitted the Committee's counsel to file a fee application with time records by October 17, 2024. Id. at *13 (noting that counsel "may file an application for payment of fees."). Before that deadline, on October 11, 2024, the bankruptcy court entered its settlement order confirming its memorandum opinion.[1] See ECF No. 6-2. The Committee's counsel submitted its fee application on October 17, 2024, asking for over $1.6 million in fees. ECF No. 6-3, at 2. The bankruptcy court entered a memorandum awarding counsel $128,669 in fees and $414.87 in expenses on November 12, 2024. Id. at 10.

On November 26, 2024, the Committee filed its Notice of Appeal of (1) the October 3, 2024 Memorandum Opinion, (2) the October 11, 2024 Settlement Order, and (3) the November 12, 2024 Fee Order. This Notice came too late.

Appeals must be filed within 14 days after entry of final judgment. Appeals from "final judgments, orders, and decrees" as well

---

[1] The settlement order was signed on October 4, 2024, but only entered on the docket on October 11, 2024. Whichever date controls, however, renders this appeal untimely.

as "interlocutory orders and decrees" from bankruptcy courts must be appealed "in the time provided by Rule 8002 of the Bankruptcy Rules."[2] 28 U.S.C. §§ 158(a), (c)(2). Rule 8002 of the Bankruptcy Rules states that a notice of appeal "must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order or decree being appealed." Fed. R. Bankr. P. 8002(a)(1) (emphasis added).

The October 11, 2024 settlement order was a final order that started the 14-day clock. As this Court and the Second Circuit have both made clear, a bankruptcy court's approval of a settlement "conclusively resolve[s] the claims of the settlement class against the settling defendants" and is therefore a "final" order for purposes of appealability. In re The Bennett Funding Grp., Inc., 439 F.3d 155, 160 (2d Cir. 2006). The order resolved every issue presented in the motion and expressly denied the requested fees for the Committee and its counsel. Though the order permitted the Committee's counsel to file a further fee application, that application amounted to an entirely distinct proceeding. In other words, the order "definitively dispose[d] of discrete disputes within the overarching bankruptcy case." Ritzen Grp., Inc. v. Jackson Masonry, LLC, 589 U.S. 35, 37 (2020). Classifying the order as final "avoid[s], rather than cause[s], delays and inefficiencies." Id. 46. In contrast, the Supreme Court held in Bullard v. Blue Hills Bank that a bankruptcy court's denial

---

[2] Unless otherwise indicated, all quotations omit internal alterations, brackets, citations, ellipses, quotations, and quotation marks.

3

of a proposed chapter 13 plan with leave to amend was not a final order because "[t]he parties' rights and obligations remain[ed] unsettled." 575 U.S. 496, 503 (2015).

Because the settlement order was final, the Committee's deadline to appeal was October 25, 2024. But the Committee did not file its Notice until November 26, 2024, over a month late. This delay strips this Court of the authority to hear this matter. "Compliance with Rule 8002(a) is jurisdictional, and 'in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal,' even in the case of a pro se litigant." In re Residential Capital, LLC, 519 B.R. 606, 610 (S.D.N.Y. 2014) (quoting In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam)). The firmness with which this Court and other courts treat Rule 8002 makes sense given that Rule 8002 itself provides options to litigants seeking to stay or extend the time for filing a notice of appeal. See Fed. R. Bankr. P. 8002(b)(1) (permitting parties to file motions to stay the time to file a notice of appeal); Fed. R. Bankr. P. 8002(d)(1)(A) (permitting parties to file a motion to extend the time to file an appeal); Fed. R. Bankr. P 8002(d)(1)(B) (permitting parties to file, within 21 days after the expiration of the 14-day appeal period, a motion requesting authority to file a late appeal upon a showing of excusable neglect).

We thus lack the jurisdiction to hear this case. The Committee nevertheless advances four theories in an attempt to salvage its untimely appeal. All of them fail.

The Committee first argues that the bankruptcy court's settlement order was interlocutory and thus unappealable absent leave or until the order became final with the fee order. But that assertion misunderstands the nature of Rule 9019 determinations: in bankruptcy, a "court's decision becomes final, for purposes of appeal, only upon completion of the entire case, *i.e.*, when the decision terminates the action" or "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Ritzen Grp., 589 U.S. at 37; In re Fugazy Exp., Inc., 982 F.2d 769 (2d Cir. 1992) (an order is final when nothing remains but for the district court to execute it). Ritzen describes this situation precisely: once the settlement order was entered, there was nothing left for the bankruptcy court to do.

The Committee also argues that Rule 7058 of the Federal Rules of Bankruptcy should apply here. This argument fails at the outset because Rule 7058 only applies in adversarial proceedings, see Fed. R. Bankr. P. 9014(c), and the Committee admits the settlement motion was not adversarial. Op. Br. at 32 ("The present dispute had not yet reached the complaint stage when it settled.").

The Committee next contends that the appeal period ran from the bankruptcy court's final fee order, rather than from the settlement order itself. But that premise conflates ordinary civil practice with bankruptcy procedure. Whereas Federal Rule of Civil Procedure 58 measures the timing of a proper appeal from the last order disposing of any remaining claim, bankruptcy appeals are governed by Rule 8002, which fixes the clock to the entry of the order being appealed. Cf.

5

Fed. R. Civ. P. 58 <u>with</u> Fed. R. Bankr. P. 8002. The Committee challenged the settlement order; a separate fee ruling, concerning only professional compensation, did not restart the clock.

Finally, the Committee argues that its October 17, 2024 fee application served as a motion to toll the time to appeal under Bankruptcy Rule 8002(b)(1). But that application did not mention, request, or reference tolling. <u>See</u> App'x at 151-58. Nor did it ask the bankruptcy court to reconsider its earlier rulings. So we reject this claim.

We thus lack jurisdiction to hear this appeal. The Clerk of Court is respectfully directed to close this action.

SO ORDERED.

New York, NY  /s/ Jed S. Rakoff
August 25, 2025  JED S. RAKOFF, U.S.D.J.